IN THE CIRCUIT COURT OF THE 17th
JUDICIAL CIRCUIT IN & FOR BROWARD
COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

LISA JOSEPH,                        :     CASE NO.
                                    :
        Plaintiff,                  :
                                    :                11028369
vs.                                 :
                                    :
NICHELL's CARIBBEAN                 :
CUISINE, INC.,                      :
                                    :                11-17-11
        Defendant.                  :     SUMMONS
_____/                         11:30 am
                                                     Ref # 727

THE STATE OF FLORIDA:

To Each Sheriff of Said State:

   YOU ARE HEREBY COMMANDED to serve this Summons, a copy of the Complaint in this action on Defendant **BY SERVING, PURSUANT TO F.S. §48.091:**

        Registered Agent:   Clifton Pratt
                            2439 N.W. 40th Ave.
                            Lauderhill, Fl 33313

   If service cannot be made on the Registered Agent because of failure to comply with F.S. § 48.091, service of process shall be permitted on any employee at the corporation's place of business.

   **OR BY SERVING, ONE OF THE FOLLOWING IN THE ORDER OR PRIORITY AS LISTED BELOW, PURSUANT TO F.S. §48.081:**

   1.  The president or vice president, or other head of the corporation; and/or in his or her absence;

   2.  The cashier, treasurer, secretary or general manager; and in the absence of all of the above;

   3.  Any director; and in the absence of all of the above; or

   4.  Any officer or business agent residing in the state.

Each Defendant is required to serve written defenses to the Complaint on Plaintiff's attorney, whose address is:

> McGUINNESS & GONZALEZ, P.A.
> Counsel for Plaintiff
> 1627 S.W. 37th Ave., Suite 100
> Miami, Florida 33145
> Tel No.: (305) 448-9557
> Fax No.: (305) 448-9559
>
> Attention: LAWRENCE J. McGUINNESS, ESQ.

within 20 days after service of this summons on that Defendant, exclusive of the day of service, and to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or immediately thereafter. If a Defendant fails to do so, a default will be entered against that Defendant for the relief demanded in the Complaint or Petition.

DATED ON _____, 2011.

NOV 18 2011

Clerk of the Court

By: _____
    as Deputy Clerk

RANDI B. FISCHER
TRUE COPY
CIRCUIT CIVIL

-2-

IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT IN & FOR BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

LISA JOSEPH,

      Plaintiff,

vs.

NICHELL's CARIBBEAN CUISINE, INC.,

      Defendant.

_____/

CASE NO.

11028369 - 02

**FLSA OVERTIME COMPLAINT**

Plaintiff, through counsel, sues Defendant for overtime violations pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 et seq. (the "FLSA"), and states:

## A. JURISDICTION, PARTIES & VENUE

1. The amount in dispute in these proceedings exceeds the sum of $15,000.00, exclusive of interest, costs and attorneys' fees. This is a claim by Plaintiff against Defendant for overtime violations and for retaliation in violation of the FLSA.

2. Plaintiff worked for Defendant as a non-exempt hourly employee starting in or about July 14, 2011 and ending on October 15, 2011.

3. Defendant engaged in business in Broward County, Florida.



NOV 16 2011

-1-

## B. GENERAL ALLEGATIONS

4. For her overtime claim, Plaintiff worked an average of 30+ overtime hours per work week while employed by Defendant but Defendant failed to pay Plaintiff her overtime rate for those hours.

5. Defendant paid Plaintiff a weekly salary of $300.00 no matter how many hours that she worked. This translates to a regular rate of $7.50 hr. and an overtime rate of $11.25 hr. or $337.50 unpaid overtime per work week plus a liquidated amount of unpaid overtime.

6. Plaintiff has performed and/or satisfied all conditions precedent on her part to be performed and/or Defendant has otherwise waived such conditions by its actions.

7. Pursuant to §216 of the FLSA, Plaintiff is entitled to her attorneys' fees and costs for bringing this action and Plaintiff has retained the undersigned law firm and is obligated thereby to pay for her fees and costs incurred herein.

## COUNT I
## UNPAID OVERTIME

8. Plaintiff readopts and realleges all allegations contained in ¶¶ 1-7 above.

9. Plaintiff worked for Defendant as a non-exempt hourly employee and was not paid any overtime despite working an average of 30+ overtime hours per week.

10. Plaintiff seeks to recover from Defendant unpaid overtime compensation, as well as an additional amount as liquidated

damages, costs, and reasonable attorneys' fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 216(b).

11. Jurisdiction is conferred on this Court by Title 28 U.S.C. § 1337 and by Title 29 U.S.C. § 216(b).

12. Defendant was, and at all times pertinent to this Complaint, engaged in interstate commerce and is otherwise subject to the FLSA. By reason of the foregoing, Defendant was, during all times hereafter mentioned, an enterprises engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s).

13. By reason of his employment with Defendant, Plaintiff was employed during such period by an enterprise engaged in commerce within the meaning of 29 U.S.C. § 206(a) and 207(a). The work performed by Plaintiff was directly essential to the those interstate activities described in ¶12 above, which was directly essential to the business performed by Defendant. Plaintiff, by virtue of his job duties and functions as described above, was engaged in commerce.

14. At all times material hereto, Defendant failed to comply with Title 29 U.S.C. §§201-219 and DOL Regulation 29 C.F.R. §516.2 and §516.4 et seq. in that Plaintiff performed services and worked in excess of the maximum hours provided by the Act (i.e., 60+) but no provision was made by Defendant to properly pay Plaintiff at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in the FLSA.

15. Defendant also violated the record keeping provisions of the FLSA by failing to require and/or maintain accurate records of Plaintiff's hour's of work.

16. Plaintiff was entitled to be paid at her applicable overtime for all hours worked in excess of forty (40) per workweek.

17. Defendant knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime compensation by its failure to pay Plaintiff for his overtime hours in accordance with the FLSA.

18. By reason of the said intentional, willful and unlawful acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees. As a result of Defendant's willful disregard of the FLSA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for payment at the rate of time and one half for all hours worked in excess of forty (40) per workweek for which she has not been paid, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief.

## COUNT II
## VIOLATION OF 29 U.S.C. § 215(a)(3)
## AGAINST THE EMPLOYER

19. Plaintiff readopts and realleges all allegations contained in ¶¶ 1-7 above.

20. Shortly before she was fired, Plaintiff complained to Defendant's management that she should be paid overtime and that it was violating the FLSA by not paying her overtime.

21. In response to ¶20, Defendant fired Plaintiff.

22. Defendant violated 29 U.S.C. § 215(a)(3) of the FLSA and showed reckless disregard of the provisions of the FLSA concerning its retaliation against Plaintiff.

23. By reason of the foregoing acts of Defendant, Plaintiff has suffered damages plus incurring costs and reasonable attorney's fees as provided for by the Act.

WHEREFORE, Plaintiff demands judgment against Defendant for its violation of 29 U.S.C. § 215(a)(3), including damages, injunctive and declaratory relief, liquidated damages, reasonable attorney's fees and costs of suit, and for all proper relief allowed under the FLSA.

## JURY DEMAND

Plaintiff demands a jury trial for all matters so triable as a matter of right for Counts I and II.

>Respectfully submitted,
>
>McGUINNESS & GONZALEZ, P.A.
>Counsel for Plaintiff
>1627 S.W. 37th Ave., Suite 100
>Miami, Florida 33145
>Ph. No. (305) 448-9557
>Fax No. (305) 448-9559
>
>BY:_____
>     LAWRENCE J. McGUINNESS
>     Fla. Bar No. 814611