UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-62594-CIV-ROSENBAUM

LISA JOSEPH,

    Plaintiff,

v.

NICHELL'S CARIBBEAN CUISINE, INC.,
a Florida corporation,

    Defendant.
_____/

## ORDER

This matter is before the Court on Defendant Nichell's Caribbean Cuisine, Inc.'s Motion for Summary Judgment [D.E. 29]. The Court has carefully considered the Motion, all supporting and opposing filings, and the entire record. For the reasons that follow, the Court grants Defendant's Motion for Summary Judgment.

### *I. Background and Procedural History*

On November 16, 2011, Lisa Joseph ("Joseph"), a former waitress and cashier for Defendant Nichell's Caribbean Cuisine, Inc. ("Nichell's), filed a Complaint against Nichell's in state court, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, for overtime violations and retaliation. *See* D.E. 1. Nichell's removed the action to this Court on December 7, 2011, on the basis of federal question jurisdiction. The Complaint set forth two counts pursuant to the FLSA: Count I for unpaid overtime and Count II for retaliation. Joseph seeks back wages, liquidated damages, prejudgment interest, attorney's fees, and litigation expenses.

Nichell's previously filed a Motion to Dismiss Case as Frivolous, Alternatively, Motion to

Convert Motion to Dismiss Into One for Summary Judgment ("Motion to Dismiss") [D.E. 3]. The Court construed the Motion to Dismiss as a Motion for Summary Judgment, and, after reviewing the motion, Plaintiff's Response in Opposition, and Defendant's Reply, the Court granted the motion in part on January 25, 2012. *See* D.E. 14, 27.[1] More specifically, the Court entered summary judgment in favor of Nichell's with respect to Count I of the Complaint — the FLSA unpaid-overtime claim. *See id.* The Court declined at that time, however, to enter summary judgment in favor of Nichell's with respect to Count II — the FMLA retaliation claim.

After conducting discovery, Nichell's filed the pending Motion for Summary Judgment with respect to the FLSA retaliation count. *See* D.E. 29. When Joseph failed to respond to the Motion for Summary Judgment in a timely fashion, the Court issued an Order directing Joseph to show cause in writing why the Motion for Summary Judgment should not be granted. *See* D.E 40. In Joseph's response, she admitted, "In light of Plaintiff's deposition testimony, she cannot deny or refute Defendant's Statement of Material Facts filed in support of its Motion for Summary Judgment." *See* D.E. 42 at ¶ 1. Joseph also indicated that she and her counsel had irreconcilable differences resulting in an inability to work together to file a response to the Motion for Summary Judgment.[2] Consequently, Joseph did not file a response in opposition to the Motion for Summary Judgment. Instead, Joseph stated in her Response to the Order to Show Cause, "[I]n an effort to avoid further time and effort from the Court and all of the parties involved, [Plaintiff] contacted

---

[1] On July 17, 2012, the Court entered an Amended Order, which is identical to the January 25, 2012, Order, except that it corrects a scrivener's error contained in the original order on page 4.

[2] The irreconcilable differences resulted in counsel's filing of a Motion to Withdraw. *See* D.E. 37.

Defendant and offered to stipulate to a dismissal of this claim with prejudice." *Id.* Nichell's would not agree to dismissal of the action, however, because it claimed that it was entitled to a judgment against Joseph and because it had pending its Motion for Sanctions against Joseph.[3] Nichell's has filed affidavits and the deposition transcript of Joseph in support of its Motion for Summary Judgment. Accordingly, this matter is now ripe for disposition.

## *II. Summary Judgment Standard*

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Not any factual dispute will defeat a motion for summary judgment; rather, "the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). A dispute is genuine if "a reasonable trier of fact could return judgment for the non-moving party." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (citing *Anderson*, 477 U.S. at 247-48). A fact is material if "it would affect the outcome of the suit under the governing law." *Id.* (citing *Anderson*, 477 U.S. at 247-48).

In deciding a summary judgment motion, the Court views the facts in the light most favorable to the non-moving party — here, Joseph — and draws all reasonable inferences in her favor. *See Davis v. Williams*, 451 F.3d 759, 763 (11th Cir. 2006). Further, the Court does not weigh conflicting evidence. *See Skop v. City of Atlanta*, 485 F.3d 1130, 1140 (11th Cir. 2007). Thus, upon discovering a genuine dispute of material fact, the Court must deny summary judgment. *See id.*

The moving party bears the initial burden of showing the absence of a genuine dispute of material fact. *See Shiver v. Chertoff*, 549 F.3d 1342, 1343 (11th Cir. 2008) (per curiam). Once the

---

[3]The Motion for Sanctions relates to Joseph's failure to attend mediation.

moving party satisfies this burden, "the nonmoving party 'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Ray v. Equifax Info. Servs., LLC*, 327 F. App'x 819, 825 (11th Cir. 2009) (per curiam) (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). Instead, "[t]he non-moving party must make a sufficient showing on each essential element of the case for which he has the burden of proof." *Id.* (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)). Accordingly, the non-moving party must produce evidence, going beyond the pleadings, to show that a reasonable jury could find in his favor. *See Shiver*, 549 F.3d at 1343.

Local Rule 7.5, S.D. Fla., further factors into this Court's consideration of a motion for summary judgment. Under Local Rule 7.5, a moving party must submit "a concise statement of the material facts as to which the movant contends there exists no genuine issue to be tried." S.D. Fla. L.R. 7.5(a). The rules require this statement to be supported by "specific references to [evidence] on file with the Court" and to contain separately numbered paragraphs. S.D. Fla. L.R. 7.5(c)(2) & (3).

In response, an opposing party bears the burden of filing "a single concise statement of the material facts as to which it is contended that there exists a genuine issue to be tried." S.D. Fla. L.R. 7.5(b). This statement must "correspond with the order and with the paragraph numbering scheme used by the movant . . . ." S.D. Fla. L.R. 7.5(c). In addition, to the extent that the opposing party contends more material facts exist, the opposing party must number such facts and place them at the end of its statement contesting the moving party's alleged uncontroverted material facts. *Id.* The Local Rules expressly caution, "All material facts set forth in the movant's statement filed and supported as required by Local Rule 7.5(c) will be deemed admitted unless controverted by the

opposing party's statement, provided that the Court finds that the movant's statement is supported by evidence in the record." S.D. Fla. L.R. 7.5(d). As the comments to Local Rule 7.5 explain, "[T]he Court will not grant summary judgment unless supported by a review of evidence in the record." 2005 comment to S.D. Fla. L.R. 7.5 (citing *United States v. One Piece of Real Prop. Located at 5800 S.W. 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1103 n.6 (11th Cir. 2004) ("*One Piece of Real Prop.*").

Even where an opposing party does not submit any alleged material facts in controversy, the court must still satisfy itself that the evidence of record supports the movant's proposed material uncontroverted facts. *Reese v. Herbert*, 527 F.3d 1253, 1268-69 (11th Cir. 2008). In other words, Rule 7.5 "is not itself a vehicle for making factual assertions that are otherwise unsupported in the record." *Id.* (quoting *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 74 (2d Cir. 2001) (quotation marks omitted) and citing *Mariani-Colon v. Dep't. of Homeland Sec. ex rel. Chertoff*, 511 F.3d 216, 219 n.1 (1st Cir. 2007)). Rather, "after deeming the movant's statement of undisputed facts to be admitted pursuant to [the local rules], the district court must then review the movant's citations to the record to 'determine if there is, indeed, no genuine issue of material fact.'" *Id.* at 1269 (quoting *One Piece of Real Prop.*, 363 F.3d at 1101-02 (citation omitted)). To be clear, regardless of the opposing party's failure to cite to evidentiary support, the court must nonetheless consider *all* evidentiary materials in the record when determining whether a movant's contention that its statement of uncontroverted material facts is, in fact, not genuinely disputable based on the record evidence. *See id.* at 1270-71 (citing *Tipton v. Bergrohr GMBH-Siegen*, 965 F.2d 994, 998 (11th Cir. 1992); *Tippens v. Celotex Corp.*, 805 F.2d 949, 952 (11th Cir. 1986)); *see also id.* at 1272 (holding that the district court "erred by failing to review the full record on summary judgment . . . ," even

though the opposing party did not comply entirely with the local rule).

With this framework in mind, the Court turns to the pending Motion. Here, Nichell's Motion for Summary Judgment follows the dictates of Local Rule 7.5, S.D. Fla. Joseph, however, fails to address each of Nichell's undisputed material facts. Instead, in her Response to the Court's Order to Show Cause, Joseph states, "In light of Plaintiff's deposition testimony, she cannot deny or refute Defendant's Statement of Material Facts filed in support of its Motion for Summary Judgment." *See* D.E. 42 at ¶ 1. Thus, under Local Rule 7.5, S.D. Fla., the Court deems admitted all of Nichell's proposed undisputed material facts that are supported by evidence of record. Nevertheless, as explained above, doing so does not necessarily result in summary judgment for Nichell's. Instead, the Court has carefully reviewed all evidence submitted by Nichell's to determine whether it supports each of the proposed undisputed material facts. After completing this process, the Court finds the following material facts, which support granting summary judgment in favor of Nichell's.

### *III. Material Facts*[4]

Joseph is a former employee of Nichell's, a local Jamaican restaurant. She worked as a waitress and cashier for Nichell's from July 2011 through October 2011. While Joseph was employed at Nichell's, her job responsibilities included "prepping" vegetables, mopping the floors, serving the customers, and acting as cashier. *See* D.E. 30-1 at 32.

Nichell's set forth various rules and policies by which its employees were governed,

---

[4]The Court has set forth the material facts based on its review of Defendant's Statement of Material Facts [D.E. 30] and the declarations and depositions of the parties' witnesses. In accordance with Local Rule 7.5(d), all material facts set forth in Defendant's Statement and supported by evidence of record are deemed admitted unless controverted by Plaintiff.

including the following:

> 1. All employees must be neat and clean while working on the premises in or out of uniform.
>
> 2. All employees must be respectful of customers and other employees alike.
>
> \*\*\*
>
> 4. There will be immediate dismissal of any employee who conducts illegal activity or removes any company property.
>
> \*\*\*
>
> 9. The use of cell phones is not allowed while serving customers. Private business must be dealt with during break. The company's telephone must not be used for personal use unless there is an emergency and permission is given.

*See* D.E. 30-3. Joseph was aware that these policies were in effect during the time that she worked for Nichell's. *See* D.E. 30-1 at 40.

Sometime during her employment, Joseph spoke to the owner of Nichell's, Sonia Passley ("Passley"), about her belief that she was entitled to overtime pay. Joseph last spoke to Passley about her alleged entitlement to overtime pay approximately one month before being fired from Nichell's on or about October 15, 2011.

Passley states that during her employment, Joseph violated several of Nichell's rules and policies. First, Passley opines that Joseph was not neat and clean while working at Nichell's because she occasionally came to work with a dirty apron. Next, Passley describes Joseph as not respectful to customers at Nichell's but, rather, rude and aggressive on certain occasions. Moreover, Passley complains that Joseph took unauthorized breaks during her shift, failed to sign in when managing the cash register, and used her cell phone during her shift. Finally, and most significantly, Passley

contends that Joseph stole money out of the cash register at Nichell's. According to Passley, the theft was caught on video surveillance. Both Passley and one of Joseph's co-workers, Sheldon Smellie, state that they watched the video-surveillance tape, which shows that Joseph stole money from the cash register. Passley claims that Nichell's fired Joseph because she violated Nichell's rules and policies, including Joseph's commission of an illegal act (*i.e.*, theft).

Although Joseph denies violating any of Nichell's rules and policies, she does not dispute that Nichell's believes that Joseph violated the rules. *See* D.E. 30-1 at 60-62. More specifically, Joseph concedes that Nichell's believes that she had stolen money from the cash register. *Id.* Joseph also agrees that Nichell's believes that Joseph had performed her job poorly. *See* D.E. 20-1 at 63.

### *IV. Analysis*

As noted above, the only count remaining in this action is Count I, Joseph's claim for FLSA Retaliation pursuant to 29 U.S.C. § 215(3)(a). Section 215(a)(3) of the FLSA makes it unlawful for any person to

> discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee.

29 U.S.C. § 215(a)(3).

When, as here, an employee asserts an FLSA retaliation claim without direct evidence of the employer's retaliatory intent, the Court applies the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Suchite v. Kleppin*, 819 F. Supp. 2d 1284, 1293 (S.D. Fla. 2011) (citing *Burnette v. Northside Hosp.*, 342 F. Supp. 2d 1128, 1133 (N.D. Ga. 2004);

*Urzola v. Thumbelina Learning Ctr. Corp.*, 2012 WL 3757072 (S.D. Fla. Aug. 28, 2012) (citations omitted).[5]  Under this framework, a plaintiff must first establish a *prima facie* case of FLSA retaliation by showing that (1) she engaged in statutorily protected activity under the FLSA, (2) she subsequently suffered an adverse employment action by her employer, and (3) that a causal connection exists between the protected activity and the adverse employment action. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342-43 (11th Cir. 2000).  If the plaintiff demonstrates a *prima facie* case, the burden shifts to the defendant to articulate a legitimate, non-retaliatory reason for the adverse employment action.  *See Suchite*, 819 F. Supp. 2d at 1293.  If the defendant meets this burden of production, the plaintiff must then show that the defendant's proffered non-retaliatory reason is pretextual.  *See id.*

Here, Joseph claims that a few weeks before her termination, she complained to Passley that she was entitled to unpaid overtime.  According to Joseph, she spoke to Passley on a number of occasions, voicing her belief that it was illegal for Nichell's to fail to pay her overtime compensation for all of the hours that she worked over forty hours per week.  Joseph asserts that she was fired approximately one month after her last conversation with Passley, in retaliation for voicing her complaints.

Although Nichell's disputes that Joseph engaged in statutorily protected activity,

---

[5]The Eleventh Circuit "defines direct evidence of discrimination as evidence which reflects a discriminatory or retaliatory attitude correlating to the discrimination or retaliation complained of by the employee." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1086 (11th Cir. 2004) (internal quotation marks omitted).  The court of appeals has emphasized that "only the most blatant remarks, whose intent could mean nothing other than to discriminate on the basis of some impermissible factor constitute direct evidence of discrimination." *Id.* (internal quotation marks omitted).  Thus, "[i]f the alleged statement suggests, but does not prove, a discriminatory motive, then it is circumstantial evidence." *Id.*

Nichell's focuses its argument on its contention that Joseph cannot establish a causal connection between the protected activity and her termination. The Court, however, need not address any of the elements of the prima facie case. Even assuming that Joseph can establish a prima facie case for FLSA retaliation, Nichell's is entitled to summary judgment because it has come forward with a legitimate non-retaliatory reason for terminating Joseph's employment, and Joseph has not shown that Nichell's reasons are pretextual. *See Perez v. Brands Mart Serv. Corp.*, 2011 WL 3236022 at *11 (S.D. Fla. July 28, 2011) (citing *Alvarado v. I.G.W.T. Delivery Sys., Inc.*, 410 F. Supp. 2d 1272, 1279 (S.D. Fla. 2006).

Nichell's has expressed that it terminated Joseph for a legitimate reason — Joseph's violation of Nichell's policies. According to Nichell's, Jospeh violated these policies by (1) arriving to work with a dirty apron; (2) being disrespectful, rude, and aggressive to customers at Nichell's; (3) taking unauthorized breaks during her shift; (4) failing to sign in when managing the cash register; (5) using her cell phone during her shift; and (6) stealing money out of the cash register at Nichell's. Nichell's reasons satisfy the employer's burden of production. *See Vessels v. Atlanta Indep. Sch. Sys.*, 408 F.3d 763, 769-70 (11th Cir. 2005) (employer's burden is exceedingly light and is satisfied as long as the employer articulates a clear and reasonable non-discriminatory basis for its actions). Because Nichell's has met its burden of providing a legitimate, non-retaliatory reason for its actions, under the *McDonnell Douglas* framework, the burden shifts back to Joseph to show that Nichell's reasons are merely pretext.

In order to establish pretext, Joseph must demonstrate that Nichell's proffered legitimate business reason was not the real reason for the employment decision. *Jackson v. State of Ala. State Tenure Comm'n*, 405 F.3d 1276, 1289 (11th Cir. 2005). In other words, Joseph must "cast

sufficient doubt on the defendant's proffered nondiscriminatory reasons to permit a reasonable factfinder to conclude that the employer's proffered legitimate reasons were not what actually motivated its conduct." *Combs v. Plantation Patterns*, 106 F.3d 1519, 1538 (11th Cir. 1997) (citations omitted). In this regard, Joseph must demonstrate "such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its actions that a reasonable factfinder could find them unworthy of credence." *Cooper v. Southern Co.*, 390 F.3d 695, 725 (11th Cir. 2004), *overruled on other grounds*; *Silvera v. Orange County Sch. Bd.*, 244 F.3d 1253, 1258 (11th Cir. 2001).

Here, Joseph does not refute the reasons given by Nichell's in support of Joseph's termination, nor does she present any evidence that Nichell's reasons for termination were merely pretextual. To the contrary, Joseph admits that she was aware that Nichell's policies were in effect during the time that she worked for Nichell's. Indeed, Joseph even agreed during her deposition that it would be fair that if she committed an illegal act, she would be fired. *See* D.E. 30-1 at 39. Significantly, Joseph does not dispute that Nichell's believes that Joseph violated the workplace rules. In this respect, Joseph concedes that Nichell's believes that she had stolen money from the cash register. Joseph also agrees that Nichell's believes that Joseph had performed her job poorly. Ultimately, Joseph admitted during her deposition that she could not dispute the reasons that Nichell's fired her. *See* D.E. 30-1 at 63-64.

In the end, Joseph concedes that she can only speculate as to the reasons for her termination. *Id.* However, "'a plaintiff employee may not establish that an employer's proffered reason is pretextual merely by questioning the wisdom of the employer's reason,' as long as 'the reason is one that might motivate a reasonable employer.'" *Roper v. City of Foley*, 177 F. App'x 40, 49 (11th Cir.

2006) (quoting *Pennington v. City of Huntsville*, 261 F.3d 1262, 1267 (11th Cir. 2001)); *see also Rowell v. BellSouth Corp.*, 433 F.3d 794, 798-99 (11th Cir. 2005) (explaining that "it is by now axiomatic that we cannot second-guess the business decisions of an employer").  Even if Nichell's was mistaken about its belief that Joseph stole from the cash register or violated other workplace rules, "[p]retext is not demonstrated by showing simply that the employer was mistaken." *EEOC v. Total Sys. Servs., Inc.*, 221 F.3d 1171, 1176 (11th cir. 2000); *Damon v. Fleming Supermarkets of Florida, Inc.*, 196 F.3d 1354, 1363 n. 3 (11th Cir. 1999) ("An employer who fires an employee under the mistaken but honest impression that the employee violated a work rule is not liable for discriminatory conduct.").  Here, although Joseph contends that she did not violate any workplace rules, she concedes that Nichell's honestly believes that she did.  Joseph's concession precludes a finding of pretext.

Based on the record, Joseph has failed to show that Nichell's proffered reasons for her termination were pretext for retaliation.  Accordingly, Nichell's is entitled to summary judgment on the FLSA retaliation claim.

### *IV. Conclusion*

For the foregoing reasons, Defendant Nichell's Caribbean Cuisine, Inc.'s Motion for Summary Judgment [D.E. 29] is hereby **GRANTED**.  Pursuant to Rule 58, Fed. R. Civ. P., the Court will enter a separate judgment for Defendant.

**DONE** and **ORDERED** at Fort Lauderdale, Florida this 26th day of October 2012.

_____
ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:        The Honorable Barry S. Seltzer
               Counsel of Record